OPINION OF THE COURT
Herbert Shapiro, J.
The petitioner, the Commissioner of the State Division of Human Rights (the Commissioner), moves under subdivision 6 of section 297 of the Executive Law, for a mandatory injunction compelling the respondent, the New York Psychoanalytic Institute (the Institute) to obey the Commissioner’s order to accept Lisa Goldsmith, Ph.D., into its Research Students Program. The Institute cross-moves for an order staying the enforcement of the Commissioner’s order.
In a verified complaint made to the State Division of Human Rights (the Division), dated February 16, 1978, Ms. Goldsmith alleged that the Institute had refused to accept her into the program because of her physical condition (she has Hodgkin’s Disease) in violation of the Human Rights Law (Executive Law, art 15). Based upon the complaint a proceeding was commenced before the Division which culminated in an order dated September 24, 1979. In that order the Commissioner ordered the Institute to admit Ms. Goldsmith into the program and to pay her compensatory damages.
After the Commissioner issued his order, Ms. Goldsmith again applied to the Institute but was again refused admission. The Institute has since filed a notice of appeal from the order to the Human Rights Appeal Board (the Board). In all likelihood that appeal will probably not be decided for many months.
Ms. Goldsmith first applied for admission to the program in October, 1975, and has been attempting since then, without success, to gain acceptance. She asserts that a new term began in September, 1979. She further contends that unless she is admitted immediately, she will be compelled to miss yet another school year. In addition she urges that the program is a long and arduous one and that the greater the delay, the less likely it is that she will be able to successfully complete it. In that context the Commissioner asserts, and rightly so, that justice delayed is justice denied. However, irrespective of the equities involved the petition must be denied as this court is without jurisdiction to grant the requested relief.
*808 The Commissioner argues that subdivision 6 of section 297 of the Executive Law authorizes this court to, in effect, issue an order directing compliance with his order. That argument, however, is not supported by the pertinent statute. The Commissioner relies upon that section as authority for the granting of the injunctive relief he seeks in this proceeding. That section provides in pertinent part as follows: "At any time after the filing of a complaint with the division alleging an unlawful discriminatory practice under this article, if the division determines that the respondent is doing or procuring to be done any act tending to render ineffectual any order the commissioner may enter in such proceeding, the commissioner may apply to the supreme court in any county where the alleged unlawful discriminatory practice was committed, or where any respondent resides or maintains an office for the transaction of business * * * for an order requiring the respondents or any of them to show cause why they should not be enjoined from doing or procuring to be done such act * * * On the return date of the order to show cause, and after affording all parties an opportunity to be heard, if the court deems it necessary to prevent the respondents from rendering ineffectual an order relating to the subject matter of the complaint, it may grant appropriate injunctive relief upon such terms and conditions as it deems proper”. (Executive Law, § 297, subd 6.)
A fair reading of this section makes it clear that the remedy afforded thereunder was designed to be invoked, in an appropriate case, during the period from the filing of the complaint with the Division until the time that the Commissioner issues an order in the proceeding. It was not designed, however, to permit postdetermination intervention by the Supreme Court.
The language of the statute makes such conclusion inescapable. The right to seek injunctive relief was limited to a situation where the party against whom the complaint was filed is doing an act "tending to render ineffectual any order the commissioner may enter in such proceeding” (Executive Law, § 297, subd 6; emphasis supplied). The use of the word "may” in this context permits only of the conclusion that it was used to designate an in futuro order. As such, the injunctive relief was to be employed to prevent an act by the defending party which would by its nature render any prospective order against him meaningless and ineffectual.
For example, a classic situation where such relief is appropriate is that involved in Matter of Mangum v Sanguedolce *809 (58 Misc 2d 37). There it was alleged that the respondent had refused to sell a house to complainant solely because of his race. Pending the determination of the complaint, and in the face of the likelihood that the house would be sold to a third person prior to the determination the court granted injunctive relief enjoining the sale. The need for injunctive relief in such a case is apparent. A similar view of the meaning of the section was taken in Matter of Kramarsky v City of New York Police Dept. (90 Misc 2d 733, 735).
Even apart from the conclusion that the language of subdivision 6 of section 297 mandates its application only to predetermination situations, there is yet another reason for the denial of this application.
The statutory scheme for the review and enforcement of orders of the Commissioner is clearly set forth in the Human Rights Law. Section 297 of the Executive Law provides for the initial determination to be made by the Commissioner. A person aggrieved thereby may only seek review by taking appeal to the State Human Rights Appeal Board (the Board) pursuant to section 297-a of the Executive Law. Pending such appeal the Board has the power to stay the Commissioner’s order (Executive Law, § 297-a, subd 6, par e).
Section 298 of the Executive Law then provides for judicial review of a Board decision by way of appeal to the Appellate Division only. It also provides that in cases where no appeal has been taken to the Board the division "may obtain an order of court” for the enforcement of any order of the Commissioner by direct application to the Appellate Division.
In summary, the only enforcement powers granted with respect to the enforcement of either nonappealed orders of the Commissioner or Board orders are given to the Appellate Division. The only injunctive powers granted to the Supreme Court are those exercisable prior to the making of a determination by the Commissioner. To adopt the Commissioner’s view would be, in effect, upsetting the clearly defined statutory scheme for the processing, review and enforcement of complaints made under the Human Rights Law.
 Accordingly, and as indicated, the motion is denied. Such denial is based solely upon the court’s conclusion that it does not have the power to grant the relief sought. However, were there the power to grant such relief the court would do so in the circumstances of this case.